UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| NELLY GUEVARA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:26-cv-00137-TWP-KMB |
| | ) | |
| U.S.ATTORNEY GENERAL TODD BLANCHE, | ) | |
| MARKWAYNE MULLIN, | ) | |
| SAMUEL OLSON, | ) | |
| OFFICER SCOTT MAPLES, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>ORDER ON PENDING MOTION AND ORDER TO SHOW CAUSE</u>**

This matter is before the Court on an Emergency Motion for Temporary Restraining Order

filed by Petitioner Nelly Guevara ("Ms. Guevara") (Dkt. 2). Ms. Guevara initiated this action on

May 28, 2026 by filing a Petition for Writ of Habeas Corpus and Complaint for Declarative and

Injunctive Relief (Dkt. 1). The Court, having considered the above action and the matters which

are pending, makes the following rulings:

1. To promote efficient briefing of this action, Ms. Guevara is encouraged to provide

a courtesy copy of her Petition and any exhibits, along with a copy of this Order to the following:

Shelese Woods, Assistant U.S. Attorney (shelese.woods@usdoj.gov)
R. Jeffrey Lowe, Kightlinger and Gray (jlowe@k-glaw.com)

These individuals **may** be willing to waive formal service under Rule 4 of the Federal Rules of

Civil Procedure on behalf of their client.

2. If counsel noted in step 1 does not agree to waive service, Ms. Guevara is directed

to serve a copy of the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on the

1

Respondents consistent with Rule 4. Along with the Petition and any exhibits, and service must also include a copy of this Order.

3.      The Respondents will have **seven days** from the date service is made or waived, to answer the allegations of the habeas petition and **SHOW CAUSE** why the relief sought by Ms. Guevara should not be granted. Ms. Guevara will have **four days after service of the answer** to reply.

4.      The Respondents **shall not transfer** Ms. Guevara outside the jurisdiction of the United States or transfer her to any federal judicial district other than those in the States of Illinois, Indiana, or Wisconsin during the pendency of this habeas petition. *A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1369 (2025) (citing 28 U.S.C. § 1651(a) ("[T]he Government represented on the record in federal court that it reserved the right to remove detainees after midnight. We had the power to issue injunctive relief to prevent irreparable harm to the applicants and to preserve our jurisdiction over the matter."*); United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("The District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief."). If Ms. Guevara has been transferred to any federal judicial district other than those in the States of Illinois, Indiana, or Wisconsin after the filing of the pending habeas petition, Respondents are **ORDERED** to return her to a federal judicial district within the States of Illinois, Indiana, or Wisconsin and not again transfer her out of these districts while the habeas petition remains pending.

5.      If Ms. Guevara's immediate custodian changes during the pendency of this habeas petition, she shall timely file a motion to substitute.

6.      Because this Order addresses the relief requested in the Temporary Restraining Order, the Motion For Temporary Restraining Order, Dkt. [2] is **DENIED without prejudice**. If

relief is still required beyond that which is provided in this Order, Petitioner Guevara may refile the motion.

**IT IS SO ORDERED.**

Date: 5/29/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

3